UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA, | ) | Criminal No. 3:23-cr-51 |
|---|---|---|
| v. | ) ) ) | **PLEA AGREEMENT** |
| ABIGAIL MARGARETE KNIGHT, | ) ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government"), Defendant, ABIGAIL MARGARETE KNIGHT, and Defendant's attorney, enter into this Plea Agreement.

**A. CHARGES**

1. <u>Subject Offenses</u>. Defendant will plead guilty to Counts 8 and 11 of the Indictment, that is, Production of Child Pornography, in violation of Title 18, United States Code, Section 2251(a) and 2251(e).

2. <u>Charges Being Dismissed</u>. If the Court accepts this Plea Agreement, Counts 1, 2, 3, 4, 5, 6, 7, 9, 10, and 12 of the Indictment will be dismissed at the time of sentencing. Defendant understands that, even though Counts 1, 2, 3, 4, 5, 7, 9, 10, and 12 will be dismissed, all relevant conduct including the conduct that supported the charges in Counts 1, 2, 3, 4, 5, 6, 7, 9, 10, and 12 will be considered by the Court at the time of sentencing.

**B. MAXIMUM PENALTIES**

3. <u>Maximum and Mandatory Minimum Punishment</u>. Defendant understands that the crime to which Defendant is pleading guilty in Counts 8 and 11 each carries a mandatory minimum sentence of at least 15 years in prison and a

1

maximum sentence of 30 years in prison; a maximum fine of $250,000; and a term of supervised release of no less than 5 years up to life. A mandatory special assessment of $100 per count must also be imposed by the Court. Defendant also understands that, if the Court determines Defendant to be a non-indigent person, pursuant to Title 18, United States Code, Section 3014(a)(3), it shall impose an assessment of $5,000 per count. In addition, pursuant to 18 U.S.C. § 2259A, the Court shall assess not more than $50,000. Defendant understands that the Court may not impose a sentence less than the mandatory minimum sentence unless the Government files a motion for substantial assistance under 18 U.S.C. § 3553(e). No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum.

4. <u>Supervised Release--Explained</u>. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than 5 years in prison on any such revocation, without any credit for time previously served.

5. <u>Detention</u>. Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

C. **NATURE OF THE OFFENSE – FACTUAL BASIS**

6. <u>Elements Understood</u>. Defendant understands that to prove the offenses alleged under **Counts 8 and 11 (Production of Child Pornography)**, the

2

Government would be required to prove each count beyond a reasonable doubt the following elements:

    (a)    On or about the date charged, Minor Victims 1 and 2 (Count 8) or minor victim 2 (Count 11) were under the age of eighteen years;

    (b)    Defendant knowingly used, persuaded, induced, enticed, and coerced minor victim 1 and 2 (Count 8) or minor victim 2 (Count 11) to engage in sexually explicit conduct;

    (c)    Defendant acted with the purpose of producing a visual depiction of such conduct and transmitting a visual depiction of such conduct; and

    (d)    Defendant knew or had reason to know that such visual depiction would be transported across state lines and the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines by any means, including by computer and cellular telephone.

7.    <u>Factual Stipulations</u>. Attached hereto as Attachment "A", and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of Defendant's offense conduct relating to each of the subject offenses. Defendant acknowledges that these statements are true.

8.    <u>Truthfulness of Factual Basis</u>.  Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

9.    <u>Waiver of Rule 410 Rights</u>.  Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual

statements made in this Plea Agreement, including under the Factual Basis Attachment A, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this Plea Agreement or move to withdraw Defendant's plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

10. Venue. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D. SENTENCING**

11. Sentencing Guidelines. Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

- (a) The nature of the offenses to which Defendant is pleading guilty;
- (b) The fact that the offense involved a minor under the age of twelve years old and that Defendant was a parent, relative, or legal guardian of the minors;
- (c) The nature of the images involved, including the age of the children depicted and the nature of the sexually explicit conduct, and the number of such images;
- (d) The fact that a computer was used in the offense;
- (e) The fact that Defendant knowingly engaged in distribution of the images;
- (f) Whether the offense involved the commission of a sexual act or sexual contact;

4

(g) Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense;

(h) The nature and extent of Defendant's criminal history (prior convictions); and

(i) Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12. <u>Acceptance of Responsibility</u>. The Government agrees as a recommendation to the District Court that Defendant receive credit for acceptance of responsibility under USSG §3E1.1(a). The Government reserves the right to oppose a reduction under §3E1.1(a) if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise fails to clearly demonstrate acceptance of responsibility. If Defendant qualifies for a decrease under §3E1.1(a), and the base offense level is 16 or above, as determined by the Court, the Government agrees to make a motion to the District Court that Defendant should receive an additional 1-level reduction under USSG §3E1.1(b), based on timely notification to the Government of Defendant's intent to plead guilty. The government may withhold this motion based on any interest identified in USSG §3E1.1.

13. <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence

Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14. <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

15. <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16. <u>Sentence to be Decided by Judge -- No Promises</u>. This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the

application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what Defendant's actual sentence will be.

17. <u>No Right to Withdraw Plea</u>. Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

E. **FINES, COSTS, FORFEITURE, AND RESTITUTION**

18. <u>Forfeiture</u>. Defendant agrees to forfeiture of the property identified in the Indictment, specifically the Silver Samsung cellphone (Galaxy S10) belonging to Defendant. Defendant will execute any documents as directed by the Government to complete the forfeiture.

19. <u>Waivers Regarding Forfeiture</u>. Defendant waives all challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds. Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant

had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

20. <u>Consent to Judgment of Forfeiture</u>. Defendant agrees to waive all interest in assets subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

21. <u>Fines and Costs</u>. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

22. <u>Special Assessment</u>. Defendant agrees to pay the mandatory special assessment of $100 per count of conviction at or before the time of sentencing, as required by 18 U.S.C. § 3013. Defendant further understands that, if the Court determines Defendant to be a non-indigent person, pursuant to Title 18, United States Code, Section 3014(a)(3), it shall impose an assessment of $5,000 per count.

23. <u>Restitution</u>. Defendant agrees that the Court should impose an order of restitution for all relevant conduct including all conduct related to the dismissed counts, in an amount to be determined by the Court. Defendant agrees that the Court

shall order restitution for the full amount of each victim's losses, which is no less than $3,000 per victim; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments. Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

24. <u>Financial Statement</u>. Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

## F. LIMITED SCOPE OF AGREEMENT

25. <u>Limited Scope of Agreement</u>. This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

26. <u>Agreement Limited to Southern District of Iowa</u>. This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and

cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

27. <u>Sex Offender Registry</u>. Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life. Defendant understands that Defendant shall keep Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or relevant information. Defendant shall comply with requirements to periodically verify in person Defendant's sex offender registration information. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction. As a condition of supervised release, Defendant shall initially register with the state sex offender registration in the state of Iowa and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update Defendant's

registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

**G.  WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS**

28. <u>Trial Rights Explained</u>.  Defendant understands that this guilty plea waives the right to:

- (a) Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

- (b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

- (c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

- (d) Confront and cross-examine adverse witnesses;

- (e) Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

- (f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

- (g) If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

29. <u>Waiver of Appeal and Post-Conviction Review</u>.  Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence

11

imposed by the Court, to the extent that an appeal is authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

30. <u>Voluntariness of Plea</u>. Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

    (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

    (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

    (c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

    (d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

31. <u>Consultation with Attorney</u>. Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

    (a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

    (b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the

attorney has given.

(c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

I. **GENERAL PROVISIONS**

32. <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

33. <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

34. <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

J. **SIGNATURES**

35. <u>Defendant</u>. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and

other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Plea Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

2-14-24
Date

*Abigail Knight* (signature)
ABIGAIL MARGARETE KNIGHT

36. <u>Defendant's Attorney</u>. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

2-14-24
Date

*Diane Helphrey* (signature)
Diane Helphrey
101 W. 2nd Street, Suite 401
Davenport, IA 52801
Tel: 563-322-8931
Fax: 563-383-0052
Email: <u>Diane_Helphrey@fd.org</u>

37. <u>United States</u>.  The Government agrees to the terms of this Plea Agreement.

                                                  Richard D. Westphal
                                                  United States Attorney

_2/14/24_          By:    [signature]
Date

                                                  Melisa K. Zaehringer
                                                  Assistant U.S. Attorney
                                                  U.S. Courthouse
                                                  131 E. Fourth Street, Suite 310
                                                  Davenport, Iowa 52801
                                                  Telephone:  563-449-5432
                                                  Telefax:  563-449-5433
                                                  E-mail: melisa.zaehringer@usdoj.gov

Attachment "A"

STIPULATION OF FACTS

On or between August 3, 2020, and May 19, 2023, Defendant ABIGAIL MARGARETE KNIGHT, did produce child pornography with Minor Victims 1 and 2 in the Southern District of Iowa and elsewhere.

    a. On or about the date charged, Minor Victims 1 and 2 (Count 8) or Minor Victim 2 (Count 11) were under the age of eighteen years;

    b. Defendant knowingly used, persuaded, induced, enticed, and coerced Minor Victim 1 and 2 (Count 8) or Minor Victim 2 (Count 11) to engage in sexually explicit conduct;

    c. Defendant acted with the purpose of producing a visual depiction of such conduct and transmitting a visual depiction of such conduct; and

    d. Defendant knew or had reason to know that such visual depiction would be transported across state lines and the visual depiction was produced using materials that had been mailed, shipped or transported across state lines by any means, including by computer and cellular telephone.

On May 12, 2023, Pearland Police Department in Pearland, Texas received 24 NCMEC cybertips that Brian Franklin Jones (Jones) had uploaded child pornography to Google. The tips were generated from April 8, 2023, to May 8, 2023. The Pearland Police Department and the Internet Crimes Against Children Task Force investigated and arrested Jones after searching his residence and finding incriminating evidence.

On May 24, 2023, the Pearland Police Department reached out to the Washington County Sheriff's Office. The Texas investigation led to identifying Defendant as a person sending Jones child pornography of minor victim 1 (approximately 11 years of age) and 2 (approximately 6 years of age) (MV1 and MV2). There was correspondence between Defendant and Jones where Jones requested videos from Defendant of MV1 and MV2, so he could masturbate to them. The electronic evidence from Jones shows numerous screenshots made by Jones during live video chats depicting MV1, MV2, and Jones simultaneously.

On May 24, 2023, Washington County Sheriff's Office, the FBI, the Iowa DCI, and the Internet Crimes Against Children Task Force, executed a search warrant at Defendant's residence. Present at the home during the search were Defendant, MV1, and MV2. During the execution of the search warrant, multiple electronic devices were located and seized as part of the warrant; however, after a forensic review, only

16

one contained child pornography, that being Defendants Silver Samsung cellphone (Galaxy S10 activated in November 2019).

On May 24, 2023, agents interviewed Defendant post-*Miranda*. Defendant stated that she met Jones about four years earlier online through a friendship/dating site. At first, they chatted through the website but then began communicating by cellphone. She said they began video chatting about 6-7 months after they met but had not done much in the past year. They had communicated within the past few days. Eventually, after being confronted, Defendant admitted that Jones had asked for videos/images of MV1 and MV2 and that she stated that it only happened once. The call lasted an hour. Defendant said she knew what she was doing was wrong.

A digital forensic analysis was done on the seized devices. The evidence on Defendant's Galaxy S10 cellphone included evidence that Defendant sent child pornography images of MV1 and MV2 to John Kopp (Kopp) who resided in Missouri. Kopp asked for images and Defendant sent the child pornography images to him.

On March 29, 2021, Defendant texted an image of MV1 laying in the bathtub naked focusing on her vagina and breasts. Defendant texted: "Guess What?" and sent the image. Kopp responded thank-you. A discussion about the girls followed, including their development. Defendant knowingly produced and distributed this image. (Counts 2 and 3)

On April 10, 2021, Defendant sent two more images of child pornography of MV1 to Kopp. Kopp texted: Hi – how's the birthday girl? Defendant then sent two images of MV1 with her legs spread apart exposing her vagina. Kopp responded by sending a picture of his erect penis to Defendant and said this is what the pictures do to him. Defendant knowingly produced and distributed these images. (Counts 4 and 5)

The chats between Kopp and Defendant, many regarding the production of child pornography by Defendant, continue up until May 19, 2023. (Count 1)

Texas authorities seized four separate devices from Jones that contained child pornography of MV1 and MV2: Cool Pad, Note 20 Samsung, A03s Samsung Galaxy cellphone, and A13 Samsung cellphone.

On Jones's devices he was receiving live video from Defendant and was taking frequent screenshots of the live broadcasts. Many take place in the bathroom and in the bathtub and involve both MV1 and MV2. Defendant sent images of her own vagina to Jones at times. There are 17 separate video chat episodes involving child pornography on different dates. The first one is on July 14, 2020, and the last one is April 24, 2023. (Count 6)

On July 14, 2020, from 18:31:48 to 19:03:13, there are screenshots of a live video chat of MV2 where MV2 is exposing her vagina and the focus of the camera is her genitals. There appears to be an adult hand soaping MV1. The user on the other end (Jones) was rubbing his erect penis. (Count 7)

On August 3, 2020, from 21:26:42 to 22:41:09 screenshots depict MV1 posing in different positions with only underwear on while lying in a bed. MV1 gets naked, MV2 joins in while naked, and spreads MV1's legs apart showing her exposed vagina. Defendant also showed herself naked. The user on the other end depicts Jones smiling. (Count 8)

On August 9, 2021, from 21:21:55 to 21:55:02 screenshots depict MV1 and MV2 laying naked in different positions. Both pull their labia open. The user on the other end shows Jones smiling. (Count 9)

On August 30, 2021, from 19:16:05 to 20:19:32 screenshots depict MV2 naked in the bath on her back. An adult poured water on MV1's vagina as she held up her legs. The video then goes to MV1 standing up naked with a towel on her back. Then back to MV2 naked in the tub soaping up. Once MV2 is out of the bathtub, an adult uses a towel to dry off around MV2's vagina then there is an adult's finger placed in the middle of MV2's labia. Jones has his erect penis in his hand. (Count 10)

On March 22, 2023, from 21:02:29 to 21:03:00 there are screenshots depicting a close up of MV2's vagina with clothes pulled down. Jones is on the other end rubbing his penis. (Count 11)

18

Defendant agrees that one or more of the acts constituting the offenses charged in the Indictment occurred in the Southern District of Iowa.

Defendant hereby certifies that the facts set forth above are true and accurate to the best of Defendant's knowledge.

2-14-24
Date

*(signature)*
ABIGAIL MARGARETE KNIGHT
Defendant

2-14-24
Date

*(signature)*
Diane Z. Helphrey
Attorney for ABIGAIL MARGARETE KNIGHT

Richard D. Westphal
United States Attorney

2/14/24
Date

By: *(signature)*
Melisa K. Zaehringer
Assistant United States Attorney

19